# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Application of Armcon Limited, | Case No. 18-mc-51 (JRT/TNL) |
| Petitioner. | **ORDER** |

Hugh D. Brown and Leon P. Wells, IV, Fabyanske, Westra, Hart & Thomson, P.A., 333 South Seventh Street, Suite 2600, Minneapolis MN 55402 (for Petitioner).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Armcon Limited's Expedited Ex Parte Application for Discovery Order Pursuant to 28 U.S.C. § 1782(2) in Aid of Foreign Proceeding. (ECF No. 1). For the reasons set forth below, the petition is granted.

## I. BACKGROUND

Petitioner Armcon Limited ("Armcon") is a company based in the United Kingdom and operates in the concrete industry. (Decl. of Robert Armstrong ¶ 1, ECF No. 3). In July 2005, Armcon registered the "CEMEN TECH" trademark with the European Union. (Armstrong Decl. ¶ 2).

In June 2006, Armcon entered into a distributor agreement with an Indianola, Iowa-based company named "Cemen Tech, Inc." (Armstrong Decl. ¶ 3). Cemen Tech manufactures and sells various concrete dispensing machines and related equipment. (Armstrong Decl. ¶ 3). The agreement between Armcon and Cemen Tech was signed on behalf of Cemen Tech by its then-President, Thomas Palme. (Armstrong Decl. ¶ 4). During discussions related to the agreement, Armcon and Cemen Tech, through Palme, discussed

the "CEMEN TECH" trademark registration in the European Union. (Armstrong Decl. ¶ 5).

In June 2015, Cemen Tech also registered the "CEMEN TECH" trademark with the European Union. (Armstrong Decl. ¶ 7). Armcon has since filed an application with the European Union Intellectual Property Office ("EUIPO") to declare Cemen Tech's registration of the "CEMEN TECH" trademark invalid. (Armstrong Decl. ¶ 8; Decl. of Michael Shaw ¶ 2, ECF No. 4). In response, Cemen Tech filed an application with EUIPO to declare Armcon's "CEMEN TECH" trademark invalid. (Armstrong Decl. ¶ 8; Shaw Decl. ¶ 2). The EUIPO proceedings remain pending, with evidentiary submissions due July 28 and August 14, 2018. (Armstrong Decl. ¶ 9; Shaw Decl. ¶¶ 2, 4).[1] Armcon seeks to depose Palme regarding his knowledge of Armcon's "CEMEN TECH" trademark at the time he was employed by Cemen Tech. (Armstrong Decl. ¶ 10; Shaw Decl. ¶ 5).

Palme is a resident of Mankato, Minnesota, located in Blue Earth County. (Armstrong Decl. ¶ 11; Shaw Decl. ¶ 6; ECF No. 7). Palme is no longer employed by Cemen Tech. (Armstrong Decl. ¶¶ 4, 6)

## II. ANALYSIS

Under 28 U.S.C. § 1782,

> [t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person . . . .

---

[1] The Court notes Armcon filed its Petition on July 10, 2018, a mere 18 days prior to the first deadline for its discovery submissions in the EUIPO proceeding.

2

28 U.S.C. § 1782(a); *see also In re Hallmark Capital Corp.*, 534 F. Supp. 2d 951, 953–54 (D. Minn. 2007) (an order is "appropriate where the Applicant establishes that (1) the discovery is sought from a person found in this district, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the applicant is an 'interested person' before such foreign tribunal.").

Here, based on the record before the Court, Palme resides in Mankato, Minnesota, which is within the District of Minnesota. The petitioner, Armcon, seeks to use the discovery sought for proceedings before the European Union's Intellectual Property Office. Armcon qualifies as an "interested person" given it is a participant in the EUIPO proceedings by reason of its affirmative and defensive claims related to the "CEMEN TECH" trademark registrations. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) ("No doubt litigants are included among, and may be the most common example of, the 'interested persons' who may invoke § 1782."). Accordingly, Armcon has satisfied the requirements set forth in § 1782(a).

"[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel Corp.*, 542 U.S. at 264. The Supreme Court has enumerated four "factors that bear consideration in ruling on a § 1782(a) request." *Id.* These factors are: (1) whether the person from whom discovery sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign tribunal to federal judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies; and (4) whether the request is unduly intrusive or

burdensome. *Id.* at 264–65; *accord In re Hallmark Capital Corp.*, 534 F. Supp. 2d at 954 (once the statutory requirements are met, "a court has the discretion to grant an application under Section 1782 if doing so would (1) provide an efficient means of assistance to participants in international litigation, and (2) encourage foreign countries to provide reciprocal means of assistance to United States courts and litigants.") (citing *In re Application of Euromepa*, 51 F.3d 1095, 1097, 1101 (2d Cir. 1995)).

Based on the factors outlined in *Intel Corp.*, the Court concludes that the petition should be granted. Palme is not a participant to the foreign proceedings. Rather, he is an individual who, by reason of his former position with Cemen Tech, may have evidence related to Cemen Tech's prior knowledge of Armcon's "CEMEN TECH" trademark in the European Union. There is no indication that the EUIPO would reject evidence obtained by Armcon in the United States. Nor is there any indication that Armcon is attempting to circumvent foreign proof-gathering procedures. And finally, the discovery sought is narrowly tailored to Palme's knowledge concerning the "CEMEN TECH" trademarks at dispute in the EUIPO proceedings. Accordingly, the Court finds that the factors espoused in *Intel Corp.* all weigh in favor of granting the petition.

### III. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Armcon Limited's Expedited Ex Parte Application for Discovery Order Pursuant to 28 U.S.C. § 1782(2) in Aid of Foreign Proceeding, (ECF No. 1), is **GRANTED**.

2. Petitioner Armcon Limited, through counsel, is authorized to issue, sign, and serve a subpoena upon Thomas Palme, in substantially the same form as attached to the Petition. (*See* ECF No. 7 (proposed subpoena)).

3. In accordance with 28 U.S.C. § 1782(a), the discovery conducted pursuant to this Order, as well as any related motion practice, shall comply with the Federal Rules of Civil Procedure and the Local Rules of this Court.

4. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; and/or any other relief that this Court may from time to time deem appropriate.

Date: July 18, 2018

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*In re Application of Armcon Limited*
Case No. 18-mc-51 (JRT/TNL)